# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JEAN KARLO CONQUISTADOR,
   *Plaintiff*,

   v.                                          No. 3:22-cv-00992 (JAM)

ANTHONY CORCELLA *et al.*,
   *Defendants*.

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Jean Karlo Conquistador is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against two DOC employees, alleging that the defendants violated his constitutional rights by restricting his ability to file administrative grievances. Based on my initial review of his complaint, I will dismiss Conquistador's claims against the defendants.

### BACKGROUND

The facts alleged in the complaint are accepted as true for the purposes of initial review only. Conquistador's claims arise from his confinement at Garner Correctional Institution. He names two defendants in their individual and official capacities: DOC Wardens Anthony Corcella and Amonda Hannah.[1] Conquistador alleges that Warden Corcella placed him on an administrative grievance restriction in March 2019, and that Warden Hannah extended the restriction in April 2019.[2] The complaint does not allege any facts to suggest why Conquistador was placed under the restriction.

---

[1] Doc. #1 at 1–2.
[2] *Id*. at 2.

1

Conquistador contends that the grievance restriction violated his rights under the First Amendment and the equal protection and due process clauses of the Fourteenth Amendment.[3] He also claims that the defendants have violated the "laws of the State of Connecticut" and that he is "held against his will" by DOC "due to the discrimination and oppression in the United States against people of color."[4] Conquistador seeks declaratory judgment and five million dollars in damages.[5]

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[6] If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See ibid*.

---

[3] *Ibid.*
[4] *Id.* at 1, 3.
[5] *Id.* at 3.
[6] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

2

### *Equal protection*

Conquistador contends that the grievance restriction violates the equal protection clause of the Fourteenth Amendment. To establish a class-based equal protection claim, an individual must prove discrimination based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). In the prison setting, a plaintiff must also show that his treatment was not "reasonably related to any legitimate penological interests." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).

Although Conquistador has claimed that his imprisonment is due to discrimination against people of color, he does not explain how the defendants purposefully discriminated against him because of his membership in an identifiable or suspect class. *See Lopez v. McGill*, 2009 WL 179787, at *6 (D. Conn. 2009) (denying plaintiff's equal protection claims arising from his grievance restriction). Accordingly, Conquistador has failed to state a plausible class-based equal protection claim.

Absent allegations of class-based discrimination, an individual may allege a "class of one" equal protection claim by alleging that he has been intentionally and irrationally singled out as a class of one. *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008). The plaintiff must demonstrate the existence of a person who is "*prima facie* identical" to him and who was treated differently. *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019). Conquistador, however, does not assert that he was treated differently than other inmates. He merely notes the grievance restriction and asserts that his equal protection rights have been violated. Because Conquistador alleges no facts suggesting that he is being treated differently than other inmates, he has not plausibly pled a class of one equal protection claim. *See Baltas v. Erfe*, 2020 WL 1915017, at

*14 (D. Conn. 2020) (dismissing prisoner's equal protection claim because he "does not identify another inmate who was essentially identical to him and who was treated differently").

Because the facts in the complaint do not give rise to a plausible equal protection claim, I will dismiss the equal protection claims against Corcella and Hannah.

### Due process

Conquistador alleges that the grievance restriction violates the due process clause of the Fourteenth Amendment. To evaluate a due process claim, the Court must first consider whether Conquistador "had a constitutionally-recognized liberty interest in making use of … [the] administrative grievance system." *Rogers v. Long*, 2022 WL 11727852, at *2 (D. Conn. 2022).

But state statutes and directives "do not create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003). Therefore, inmates have no liberty interest in participating in the DOC's administrative grievance process. *See e.g.*, *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018); *Rogers*, 2022 WL 11727852, at *3. Because Conquistador's claim is based on his participation in the DOC administrative grievance system, he has not pled a cognizable due process violation. Accordingly, I will dismiss Conquistador's due process claims against Corcella and Hannah.

### First Amendment

Conquistador contends that the grievance restriction violates the First Amendment. It is well established that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Rest. Inc. v. NLRB*, 461 U.S. 731, 741 (1983). But the "denial of access to the grievance process or violation of grievance procedures does not by itself give rise to a constitutional violation." *Lopez*, 2009 WL 179787, at *6. The Second Circuit has ruled that "we cannot find that the grievance restrictions violated [a

4

prisoner's] right to petition the government in light of the fact that the defendants did not restrict his right to file civil actions and the Prison Litigation Reform Act's ('PLRA') exhaustion requirement would not preclude him from asserting § 1983 claims in federal court that were barred by grievance restrictions." *Riddick*, 731 F. App'x at 13. Accordingly, I will dismiss Conquistador's First Amendment claims against Corcella and Hannah.

### State law

Conquistador asserts that the defendants have violated the "laws of the State of Connecticut." Having dismissed all of Conquistador's federal claims, I decline to exercise jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3); *Williams v. Katz*, 2022 WL 3646200, at *6 (D. Conn. 2022). Moreover, the bare assertion that the defendants violated unspecified state laws does not suffice to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."); *Rodriguez v. Connecticut*, 169 F. Supp. 2d 39, 43 n.2 (D. Conn. 2001) (dismissing state law claim where plaintiff did not "specify which statute she is relying on or pursuant to what state law she brings her claim"). Accordingly, I will dismiss Conquistador's state law claims against Corcella and Hannah without prejudice to Conquistador's right to seek any relief that may be available against them in state court.

**CONCLUSION**

For the reasons set forth above, the Court dismisses all claims against defendants Corcella and Hannah. If the plaintiff believes there are additional facts that the plaintiff can allege that will overcome the deficiencies identified in this ruling, then the plaintiff may file a proposed amended complaint within 30 days of this order.

It is so ordered.

Dated at New Haven this 19th day of April 2023.

/s/ *Jeffrey Alker Meyer*

Jeffrey Alker Meyer
United States District Judge